IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

No. CIV S-08-2683 GEB DAD PS

vs.

SACRAMENTO POLICE DEPARTMENT, et al.,

ORDER

    Defendants.

/

    Plaintiff is proceeding pro se in this court in at least seven cases removed from state court by various defendants. A review of the dockets for these cases[1] reveals that plaintiff has filed numerous improper documents, including motions that do not comply with applicable rules. Although three magistrate judges have advised plaintiff of the defects of his filings, and despite the fact that deficient motions have been denied or disregarded, plaintiff continues to file such documents. Before the court is a document that purports to set a hearing on plaintiff's most recent motion for summary judgment in this case.

    Plaintiff's motion, like his previous motions, fails to comply with Federal Rule of Civil Procedure 56 and Local Rule 56-260. Local Rule 56-260 specifically requires, as plaintiff

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

himself acknowledges in his pending motion, that a motion for summary judgment "shall be accompanied by a Statement of Undisputed Facts that shall enumerate discretely each of the specified material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a).  In addition, the moving party "shall be responsible for the filing with the Clerk of all evidentiary documents cited in the moving papers." Id.  Although these requirements are set out in plaintiff's motion, the motion does not include a numbered list of all material facts needed to prove plaintiff's claims.  Nor does plaintiff cite any evidentiary documents, such as affidavits sworn under penalty of perjury or discovery responses. Instead, plaintiff asserts that "[t]his suit has been pending for a while, plaintiff files this Summary Judgment to reverse that problem moving forward to have stated above judge grant final judgment." (Pl's Hearing for Summ. J. at 2.)  He claims that

> [t]his claim has been heard in court as records can show.  This motion and the events through out the suit includes just that what Local Rule 56-260 describes through out this whole motion.  There has been a few hearings regarding this suit, undisputed facts and disputed facts crossed the table in court, and Plaintiff is moving forward with the suit for relief final judgment.

(Id. at 4.)

There has been no hearing in this case in which documentary evidence was received or witnesses testified.  When a plaintiff moves for summary judgment in his favor, he cannot rely on the allegations of his complaint, on facts alleged during a status conference, or on witness statements not sworn to be true under penalty of perjury or not based on personal knowledge.  See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (holding that where the party moving for summary judgment will bear the burden of proof at trial, he must support his summary judgment motion with evidence which would entitle him to a directed verdict if his evidence went uncontroverted at trial).

/////

Plaintiff was previously advised that

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Plaintiff has been cautioned against filing documents that assert inapplicable legal contentions and present factual contentions that are lacking in evidentiary support.  See also Local Rule 11-110.

Plaintiff has had ample opportunity to file a proper motion for summary judgment.  As a sanction for plaintiff's repeated filing of deficient motions for summary judgment, the undersigned will now preclude plaintiff from filing any further motion for summary judgment in this case absent an order from this court permitting him to do so.  If plaintiff files any document, however titled, that seeks summary judgment or notices a hearing on summary judgment, without obtaining an order permitting him to do so in advance, the undersigned will recommend that the assigned district judge declare plaintiff a vexatious litigant and dismiss this action with prejudice for repeated violations of applicable rules and orders.

/////

/////

/////

Accordingly, IT IS ORDERED that:

1. Plaintiff's October 5, 2009 motion for summary judgment (Doc. No. 39) is denied, and the noticed hearing date of November 6, 2009 is vacated.

2. Plaintiff is prohibited from filing in this action any further document, however titled, that seeks summary judgment or notices a hearing on summary judgment case absent an order from this court permitting him to do so.

DATED: October 13, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2683.sanction.ord