IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,

vs.

SACRAMENTO POLICE DEPARTMENT, et al.,

    Defendants.

No. CIV S-08-2683 GEB DAD PS

ORDER

/

    Pursuant to a court order filed October 14, 2009, plaintiff is prohibited from filing in this case any document seeking summary judgment or noticing a hearing on summary judgment, absent a court order granting him leave to do so. On November 9, 2009, plaintiff filed a motion in this action for "Enforcing a Judgment for a Specific Act Pursuant to Federal Rules of Civil Procedure 70" and a motion for "Findings and Conclusions and Judgment on Partial Findings Pursuant to Federal Rules of Civil Procedure 52," both noticed for hearing on December 11, 2009. By this order, the motions are denied.

    Plaintiff's purported Rule 70 motion is frivolous because the rule applies only when a judgment requiring a specific act has been entered by the court and the party required to act has failed to do so. No judgment has been entered by the court in this action. Plaintiff presents no analysis or discussion of Rule 70 but instead argues the merits of his claims and

1

prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. This motion fails to establish any basis for an order enforcing a judgment for a specific act under Rule 70.

Plaintiff's purported Rule 52 motion is frivolous because the rule applies only to cases that have been tried without a jury or with an advisory jury. This case has not been tried and, if it proceeds to trial, Rule 52 will not apply because the case has been scheduled for a jury trial on June 8, 2010. Plaintiff presents no analysis or discussion of Rule 52 but instead argues the merits of his claims and prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. This motion fails to establish any basis for findings and conclusions or for judgment on partial findings under Rule 52.

Although plaintiff's motions are not presented as motions for summary judgment, the motions seek the same relief sought in plaintiff's defective summary judgment motions. As such, plaintiff's motions have been filed in violation of the order precluding plaintiff from filing motions for judgment in his favor. In addition, the submitting of motions based on rules that do not apply is a violation of Federal Rule of Civil Procedure 11. Plaintiff has been advised that by filing a document a party is certifying that he conducted a reasonable inquiry, is not presenting the document for any improper purpose, and is offering legal contentions supported by applicable law along with factual contentions that have evidentiary support. Fed. R. Civ. P. 11(b). The undersigned finds that plaintiff's motions were filed for the improper purposes of (1) flouting the court's October 14, 2009 order, (2) harassing defendants as well as the court, (3) causing delay, and (4) increasing the cost of this litigation for defendants and the court. The undersigned also finds that plaintiff filed his motions without conducting a reasonable inquiry into the application of the federal rules relied upon, failed to present motions supported by applicable law, and failed to present factual contentions that have evidentiary support.

As a sanction for the filing of frivolous motions in an apparent attempt to circumvent the court's order precluding the filing of summary judgment motions, the court will

now preclude plaintiff from filing any motion, counter-motion, or request, however named, in which he seeks judgment in his favor. See Fed. R. Civ. P. 11; Local Rule 11-110. Plaintiff has already filed opposition to defendants' motion for summary judgment, which is set for hearing on December 4, 2009, and is required to appear at the hearing of defendants' motion, but he may not file any further briefing with respect to the motion.

Accordingly, IT IS ORDERED that:

1. Plaintiff's November 9, 2009 motions for enforcing a judgment for a specific act (Doc. No. 42) and for findings and conclusions and judgment on partial findings (Doc. No. 43) are denied and will not be placed on the court's calendar for hearing.

2. Plaintiff is prohibited from filing any motion, counter-motion, or request, however named, in which he seeks judgment in his favor. Failure to comply with this order will result in a recommendation that this action be dismissed with prejudice due to plaintiff's repeated violations of applicable rules and court orders.

DATED: November 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2683.ord.motsden

3