IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

      Plaintiff,

v.

SACRAMENTO POLICE DEPARTMENT, et al.,

      Defendants.

No. CIV S-08-2683 GEB DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

This matter came before the court on December 4, 2009 for hearing of defendant Meier's motion for summary judgment (Doc. No. 41).[1] Marcos Alfonso Kropf, Esq. appeared on behalf of the moving party. Plaintiff Chaderick A. Ingram, proceeding pro se, appeared telephonically with leave of court after making a timely request to do so. Oral argument was heard, and defendant's motion for summary judgment was taken under submission.

Also before the court are plaintiff's "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73," motion to proceed in forma pauperis on appeal, and motion for transcripts at government expense (Doc. Nos. 50, 51, and 52).

---

[1] Plaintiff has not filed evidence of service of process on defendant Sacramento Police Department and has not sought leave to amend his complaint to name defendants sued as DOES 1-50. The undersigned will therefore recommend that all unserved defendants be dismissed pursuant to Fed. R. Civ. P. 4(m).

1

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. <u>Legal Standards Applicable to a Motion for Summary Judgment</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). <u>See</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Owen v. Local No. 169</u>, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Celotex Corp.</u>, 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See</u> <u>id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> Summary judgment should then be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89 (1968); <u>Ruffin v. County of Los Angeles</u>, 607 F.2d 1276, 1280 (9th Cir. 1979). The opposing party must demonstrate that a fact in contention

is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

II. Application of the Standards

Defendant Meier seeks summary judgment or summary adjudication on the ground that he did not violate plaintiff's constitutional or statutory rights on December 29, 2007, and that he is immune from liability on the basis of qualified good faith immunity.

Defendant's motion includes a separate statement of undisputed material facts supported by the declaration of defendant Meier dated November 3, 2009; the declaration of defendant's counsel dated November 3, 2009; and the transcript of plaintiff's deposition taken on June 15, 2009 with three exhibits attached thereto.

Defendant's evidence establishes the following: (1) on the afternoon of December 29, 2007, Officer Jason Meier was working as a Sacramento City Police Officer, in full uniform and in a marked patrol car; (2) Officer Meier saw plaintiff walking in the street, in violation of the California Vehicle Code and the Sacramento City Code; (3) plaintiff admits that he was walking on and off the sidewalk before Officer Meier pulled up and began talking to him; (4) Officer Meier pulled up near plaintiff, began talking to him, and asked him if he was on probation; (5) plaintiff told Officer Meier he was on probation; (6) plaintiff voluntarily said to Officer Meier "Go ahead and search me"; (7) on December 29, 2007, plaintiff was on searchable probation; (8) plaintiff admits and understands that on December 29, 2007 the terms of his probation required that he submit his person, property, automobile, and any object under his control to search and seizure by any law enforcement officer; (9) plaintiff was not wearing a

brace or a cast and was not using any other device, such as a cane or crutches, that would have indicated to Officer Meier that plaintiff's leg was injured; (10) Officer Meier searched plaintiff using a pat-down type of search; (11) Officer Meier patted down plaintiff's entire body, including his leg; (12) Officer Meier did not do anything else to plaintiff's body as he performed the pat-down search; (13) Officer Meier did not use or apply any pressure or force to plaintiff other than that reasonably needed to search plaintiff; (14) after Officer Meier searched plaintiff, he handcuffed plaintiff and placed him in the rear of the patrol car; (15) Officer Meier handcuffed plaintiff to restrict his movement, to prevent his possible escape, and to ensure the officer's safety; (16) Officer Meier had plaintiff sit in the rear of the patrol car while he checked to see if plaintiff had any outstanding arrest warrants and also to confirm plaintiff's probation status; (17) plaintiff did not say anything to Officer Meier when the officer placed handcuffs on plaintiff; (18) plaintiff did not say anything to Officer Meier after the officer placed handcuffs on plaintiff; (19) plaintiff did not say anything to Officer Meier after the officer removed the handcuffs from plaintiff; (20) immediately after Officer Meier confirmed plaintiff's probation status and confirmed that plaintiff did not have any outstanding warrants, he removed plaintiff's handcuffs and released him; (21) plaintiff's detention did not last more than approximately 10 to 15 minutes; (22) plaintiff described Officer Meier as being polite when plaintiff was released.

As required by the standards applicable to motions for summary judgment, defendant has identified portions of the pleadings, materials obtained through discovery, and affidavits that demonstrate the absence of a genuine issue of material fact as to plaintiff's claims. The burden thus shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist. Plaintiff must demonstrate that any fact in contention is material, i.e., it might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence might lead a reasonable jury to return a verdict for plaintiff.

Plaintiff filed timely opposition to defendant's motion and filed additional opposition after defendant filed a timely reply. Plaintiff's briefing does not comply with Local

Rule 260(b), which requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts and (2) expressly admit or deny each fact. The opposing party is also required to cite evidence in support of each denial. In the absence of the required admissions and denials, the court has reviewed plaintiff's arguments and evidence in an effort to discern whether plaintiff denies any fact asserted in defendant's statement of undisputed facts and, if so, what evidence plaintiff has offered that may demonstrate the existence of a disputed issue of material fact.

In opposition to defendant's motion, plaintiff indicates that he has "submitted all evidence" but cites only his complaint and the file in general. He argues that defendant is "in the wrong" and asserts that defendant "had the knowledge of what he was doing and used excessive force through defamation of character add [sic] pressure in front of witness to plaintiff's broken left leg, on purpose." Plaintiff contends that defendant acted "maliciously with no doubts" but does not describe the defendant's allegedly malicious acts. With regard to his constitutional rights, plaintiff argues that he "wasn't able to speak freely," in violation of his First Amendment rights, that pressure placed by defendant on a torn ligament caused him "excruciating pain," in violation of his Fourth Amendment rights, and that defendant used excessive force in violation of plaintiff's Fourteenth Amendment right to equal protection of the laws. Plaintiff asserts that defendant acted in "an unprofessional manner" and was intimidating.

Attached to both of plaintiff's oppositions are copies of medical records, but plaintiff's arguments do not include references to those medical records and do not explain what the records are intended to prove. The court has reviewed the records and finds them insufficient to create a genuine issue of material fact relevant to plaintiff's claims against defendant Meier. For instance, a document dated January 15, 2008, indicates that plaintiff was seen at Kaiser Permanente's Morse Avenue facility on January 2, 2008, and an x-ray was taken, but plaintiff left without being seen and was instructed to make an appointment with his regular physician for orthopedic follow-up. Plaintiff testified at his deposition that he did not ask for any kind of

medical care and did not go to the doctor after the incident with defendant Meier on December 29, 2007. (Ingram Dep. at 41-42.) Plaintiff also testified that the pat-down search by defendant Meier did not make his leg get worse. (Id. at 42.) Other medical records show that plaintiff was seen in June 2008 for a complaint of knee sprain and was referred to physical therapy. A procedure note from September 2008 records findings based on an MRI taken of plaintiff's left knee. Other documents reflect plaintiff's ongoing physical therapy. The medical records, as presented, provide no evidence that plaintiff was subjected to the excessive use of force on December 29, 2007.

On the present record, there does not appear to be a scintilla of evidence that defendant Meier violated plaintiff's constitutional rights on December 29, 2007. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment); see also Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997). Plaintiff's unsupported arguments are unavailing, particularly in light of the fact that his arguments in opposition to the summary judgment motion conflict with his deposition testimony. See Radobenko v. Automated Equipment Corp., 520 F.2d 540, 544 (9th Cir. 1975) ("[C]ontradictory testimony of a plaintiff alone can[not] be used by him to defeat a defendant's summary judgment motion where the only issue of fact results from the necessity of choosing between the plaintiff's two conflicting versions.").

In the absence of any evidence of a disputed issue of material fact regarding plaintiff's claims, the undersigned finds that defendant Meier is entitled to summary judgment in his favor on all claims and does not find it necessary to address the issue of qualified immunity.. After adequate time for discovery, plaintiff has failed to make a showing sufficient to establish the existence of any disputed issue of fact regarding elements essential to his claims and on which he would bear the burden of proof at trial. There is no genuine need for trial in this case.
/////

**PLAINTIFF'S MOTIONS RELATED TO INTERLOCUTORY APPEAL**

Plaintiff's motion "for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73" fails to demonstrate that an interlocutory appeal should be permitted and will therefore be denied. See 28 U.S.C. § 1292. Plaintiff's related motions to proceed in forma pauperis on appeal and for transcripts at government expense will be denied without prejudice. After judgment is entered in this case by the Clerk of the Court, any party may file a notice of appeal without seeking court permission. The Federal Rules of Appellate Procedure set out the requirements for taking an appeal from final judgment. See Fed. R. App. P. 3 & 4.

**CONCLUSION**

The undersigned will recommend that defendant's motion for summary judgment be granted. In light of that recommendation, the dates set for final pretrial conference and trial will be vacated pending a ruling by the assigned district judge.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 23, 2009 motion for leave to file an interlocutory appeal (Doc. No. 50) is denied;

2. Plaintiff's November 23, 2009 motion to proceed in forma pauperis on appeal (Doc. No. 51) is denied without prejudice;

3. Plaintiff's November 23, 2009 motion for transcripts at government expense (Doc. No. 52) is denied without prejudice;

4. Final Pretrial Conference set for March 15, 2010, and Jury Trial set for June 8, 2010, both before the Honorable Garland E. Burrell, Jr., are vacated, and the parties are relieved of the obligation to file pretrial statements;

/////
/////
/////
/////

5. The Clerk of the Court is directed to serve this order and findings and recommendations on plaintiff at his address of record and also at the following address:

>Chaderick A. Ingram, X-3076322
>Sacramento County Main Jail
>651 I Street
>Sacramento, CA 95814;

6. The Clerk of the Court is directed to send a courtesy copy of this order and findings and recommendations to:

>Lexi Negin, Assistant Federal Defender
>Office of the Federal Defender for the Eastern District of California
>801 I Street, 3rd Floor
>Sacramento, California 95814;

IT IS RECOMMENDED that:

1. Defendant Meier's November 3, 2009 motion for summary judgment (Doc. No. 41) be granted;

2. Defendant Sacramento Police Department be dismissed due to plaintiff's failure to effect service of process on the defendant within 120 days after the complaint was filed;

3. Defendants DOES 1-50 be dismissed due to plaintiff's failure to discover the names of other defendants and seek leave to amend his complaint; and

4. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after the objections are served. The parties are advised that

/////

/////

failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2683.oah.f&r.msjgr